NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIRNETX INC.,**
*Appellant*

v.

**APPLE INC., CISCO SYSTEMS, INC.,**
*Appellees*

---

2017-1591, -1592, -1593

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/001,788, 95/001,789, and 95/001,856.

---

**ON MOTION**

---

Before WALLACH, *Circuit Judge.*

**O R D E R**

VirnetX Inc. moves to remand Appeal Nos. 2017-1591 and 2017-1592 to the Patent Trial and Appeal Board with instructions to terminate the underlying *inter partes* reexaminations as to certain claims. VirnetX also seeks to extend by 60 days the time to file its opening brief. Apple Inc. and Cisco Systems, Inc. oppose the motion.

This motion concerns the version of 35 U.S.C. § 317(b) that governs cases before the enactment of the Leahy-Smith America Invents Act.  That provision states, in relevant part, that no *inter partes* reexamination proceeding can be brought or "maintained" on "issues" that a party "raised or could have raised" in a civil action once "a final decision has been entered" in the civil action that "the party has not sustained its burden of proving the invalidity" of the patent claim.

VirnetX sued Apple and Cisco for infringing three patents.  Apple, but not Cisco, was found to infringe.  On appeal, this court affirmed the district court's validity findings, reversed certain claim constructions, vacated the infringement findings and damages awards, and remanded for further proceedings.  The case remains pending before the district court.  These appeals arise out of *inter partes* reexamination proceedings initiated by Apple and Cisco involving some of the same patent claims.  VirnetX's request to terminate the proceedings under § 317(b) was denied, and the Board issued final written decisions, rejecting all challenged claims as unpatentable.

VirnetX argues that the court should grant its motion to terminate some of the claims on appeal under § 317(b).  It contends that under *Fairchild (Taiwan) Corp. v. Power Integrations, Inc.*, 854 F.3d 1364 (Fed. Cir. 2017), this court's prior decision in the civil action constituted a "final decision" under § 317(b).  Cisco and Apple oppose, arguing that this case is distinguishable from *Fairchild* because they still have the opportunity to file certiorari petitions and because the remand proceedings preclude finality as to these patent claims.  Cisco and Apple further argue that the proper course is for VirnetX to put its arguments why the Patent Office erred in not terminating under § 317(b) in its brief, particularly here since it is seeking to terminate only some of the claims at issue.

Having considered the parties' arguments, the court deems it the better course to deny the motion for the purposes of having the parties address the issue in their respective merits briefs.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied. The parties are directed to address the issue in their respective briefs.

(2) VirnetX's opening brief is due no later than 30 days from the date of filing of this order. No further extensions of time should be anticipated.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31